**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
MARK EDWARD LYMAN,

                      Plaintiff,

        - v -                                    Civ. No. 1:12-CV-530
                                                                   (MAD/RFT)

LAURIE FELTER,

                      Defendant.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Presently before the Court is Defendant Felter's Motion, pursuant to Federal Rules of Civil Procedure 16, 37, and 41(b), seeking an order of dismissal of Lyman's Amended Complaint. Dkt. No. 45, Def.'s Mot., dated Dec. 15, 2014. Although the Court alerted Lyman that a response to Felter's Motion would be required, as well as granting an extension of time in order for him to file his response, no opposition has been filed. *See* Dkt. No. 48, Text Order, dated Jan. 26, 2015.

Meaningful discovery commenced upon the issuance of the Uniform Pretrial Scheduling Order (UPTSO) on February 20, 2014. Dkt. No. 37. On July 8, 2014, after receiving and responding to Lyman's discovery demands, Felter served Demands for Interrogatories and Document Production upon Lyman. Dkt. Nos. 45-2, Justin L. Engel, Esq., Decl., dated Dec. 15, 2014, at ¶ 3, & 45-3, Ex. 1. Lyman's responses to Felter's Demands would have been due by August 11, 2014, however, upon Lyman's

request, Felter granted a one-week extension. Engel Decl. at ¶ 4. A month had passed and yet no response was served upon Felter; nevertheless she was prepared to extend Lyman additional time to respond. *Id*. at ¶ 5. In fact, Lyman sought another extension of time to respond until the end of September 30, 2014, but, once again, he failed to respond. *Id*. Similarly, based upon Lyman's request, his deposition was adjourned to accommodate him. In order to prepare for the deposition, Felter, once again, sought Lyman's responses, which were promised to be completed by the date of the deposition. *Id*. at ¶6. Lyman was deposed on October 30, 2014, but without fulfilling his promise to provide responses to those written Demands, and none were ever forthcoming. *Id*. at ¶ 7.

Realizing that the discovery deadline expired on October 31, 2014, and that, pursuant to this District's Local Rules, she would have only a fourteen-day window to file a motion to compel, Felter filed a Letter-Motion requesting permission to file such a motion. Dkt. No. 41, Def.'s Lt.-Mot., dated Nov. 5, 2014; *see also* N.D.N.Y.L.R. 7.1(d)(8). In lieu of granting permission to file a motion, the Court issued a Text Order directing Lyman to respond to Felter's Letter-Motion by November 17, 2014. Dkt. No. 42, Text Order, dated Nov. 6, 2014. When Lyman failed to respond as directed, the Court issued an Order granting Felter permission to file a motion to compel and/or seek sanctions. Additionally, the Court directed

"Lyman . . . [to] serve his responses to the Interrogatories and provide documents . . . by December 5, 2014." Dkt. No. 44, Dec. & Order, dated Nov. 24, 2014, at p. 2. But, more importantly, the Court ruled that "[a]ny and all objections are deemed waived" and forewarned Lyman "**that if he fails to comply with this Decision and Order and cooperate with discovery, he may be subject to sanctions, pursuant to Rule 37, that could include the dismissal of his Complaint**." *Id*. (emphasis in the original).

Notwithstanding the Court's ruling that objections were deemed waived, on December 5, 2014, Lyman served his Responses replete with objections. Engel Decl. at ¶ 9; Dkt. No. 45-6, Ex. 4 (Pl.'s Resp.). Deeming the objection-riddled Responses as legally inadequate and "largely non-responsive," Felter filed her Motion for Sanctions. Engel Decl. at ¶ 9; Dkt. No. 45, Def.'s Mot. Because Felter's Motion for Sanctions was pending, the Court stayed the filing of dispositive motions. Dkt. No. 47, Text Order, dated Dec. 18, 2014. In the interim, staff from the Court's Chamber filed a Text Notice advising Lyman of the date when his response to the Motion was due. Text Notice, dated Dec. 17, 2014. When Lyman failed to respond by January 26, 2015, and considering his *pro se* status, the Court *sua sponte* extended his time to file a reply to Felter's Motion until February 3, 2015. Dkt. No. 48, Text Order, dated Jan. 26, 2015. Observing that the February 3rd deadline has come and gone without

a response from Lyman, and acknowledging that two extensions of time to respond did not oblige Lyman to act, the Court will now proceed with Felter's Motion.

"If a party . . . fails to obey an order to provide or permit discovery," the Federal Rule of Civil Procedure authorizes an array of sanctions. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."); *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (noting that courts "possess wide discretion in imposing sanctions under Rule 37"). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). In addition to the sanctions permitted under Rule 37(b)(2), when a party fails to comply with a court order, Rule 41(b) of the Federal Rules of Civil Procedure is also at play. Under Rule 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "Courts within this Circuit have found that the same test applies whether the basis for the dismissal or preclusion is for a party's failure to prosecute or abide by court order." *Bricklayers and Allied Craftworkers Local 2 v. Northeast King Const., Inc.*, 2008 WL

4934627, at *4 (N.D.N.Y. Nov. 13, 2008) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)).[1]

"This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, we must consider

---

[1] Even Federal Rule of Civil Procedure 16(f) states that sanctions authorized by Rule 37(b)(2) can be imposed if a party "fails to obey a scheduling or other pretrial order."

the following: (1) the duration of Plaintiff's failure to comply with the Court's Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Because Rule 37 and 41 are analogue, there is an inconsequential overlap between these elements of review under the Rule 41 analysis and the factors the Second Circuit recently suggested should be considered when Rule 37 is invoked:

> (1) the willfulness of the non-compliant party or the reasons for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of consequences of noncompliance.

*S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013) (quoted in *Valenti v. Citicorp Fin. Servs. Corp.*, 589 F. App'x 1, 2 (2d Cir. 2014)).

Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

The record is rather clear that Felter extended several reasonable accommodations to Lyman in order to secure his responses, but to no avail. Because of Lyman's failure to abide by the Federal Rules and the courtesies extended to him by Felter, Felter was required to seek Court intervention for a resolution. Likewise,

Lyman ignored the Court's Orders on several occasions. On November 6th, the Court directed Lyman to respond to the Felter's Letter-Motion, which he failed to abide by. After that noncompliance, the Court issued an Order waiving any objections to the demands and forewarning him of the consequences – sanctions that may include dismissal of his action – should he continue to be uncooperative with discovery. Dkt. No. 44.

Notwithstanding the Court's ruling that any objections were waived, Lyman interjected eleven general and lengthy objections, including privileges that obviously are not applicable in this case.[2] *See generally* Dkt. No. 45-6, Ex. 4 (Pl's Resp.). For the most part, when responding to Felter's Demand to produce, Lyman repeated his general objections and stated that "much of the documentation being requested is already available to defendant," shirking his responsibility to produce documents that are within his possession. *Id*. at pp. 16-19. Furthermore, invoking objections and relying up conclusory statements do not suffice as a reasonable response to document demands nor does it comply with the Court's directives. Lyman's answers to Felter's Interrogatories do not fare much better. Felter's Interrogatories that sought critical

---

[2] For example, Lyman, who is prosecuting this matter *pro se*, interposed the attorney-client privilege and attorney's work product doctrine, even though he is not represented by an attorney. He interjected the investigative privilege and other like privileges, when no such privileges exist. Lyman exclaims that the Demands were issued to annoy and harass him, and he often stated that it is more easier for Felter to obtain these records than for him to produce them. *See generally* Dkt. No. 45-6, Ex. 4, Pl's Resp.

details as to the nature and basis of Lyman's Complaint, how Felter was motivated by religious discriminatory intent, a description of his First Amendment protected activities, and how he was retaliated against were met with general objections and a routine referral to his Amended Complaint. Other Interrogatories may have responses but those responses are so muddled by objections, conclusions, and seemingly non-responsive information that it is virtually impossible to conclude that they are indeed proper responses.

Based upon the Court's observations of Lyman's Responses, he failed to comply with the Court's Orders. Clearly, Lyman was put on notice that failure to comply with discovery and the Court's Orders would result in dismissal. This Court extended two opportunities for Lyman to be heard on the Letter-Motion seeking to compel responses and the Motion seeking sanctions and he still refused to respond even though he sought the extensions of time for his replies. Lyman's noncompliance extended throughout the discovery period. Likewise, his conduct, or lack thereof, establishes a pattern of noncompliance and, moreover, he failed to provide any substantial justification for his noncompliance.

More than six months had passed without Lyman's full cooperation. Because the discovery deadline has expired and Felter has not received responses from Lyman that go to the heart of his Amended Complaint, Felter has been prejudiced. Felter's

defense could very well be hampered by Lyman's failure to provide adequate responses to very important Interrogatories. Additionally, Lyman's tangential commentaries do not assist in clarifying the theories of his claims. And, Lyman's furtive behavior caused Felter to seek relief from the Court, expending unnecessarily resources, time, and effort.

The Court is well within its "authority in prescribing sanctions[.]" *Daval Steel Prod., a Div of Francosteel Corp. v. M/V Fakredine*, 951 F. 1357, 1363 (2d Cir. 1991) (citing *Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)). Refusing to timely respond to Felter's magnanimity is deemed to be obstructive and wilful. Flouting his obligations when choosing the belated timing and the haphazard manner in responding to discovery demands compounds his wilfulness. Lyman's inaction are not due to a mere oversight and, thus, his belated and inadequate attempts to provide responses should not garner him a reprieve. Under these circumstances, especially when considering Lyman's lackadaisical compliance with the Court's Orders, the Court cannot fathom of any lesser sanctions that would be consequential and efficacious than the austerity of a dismissal. Accordingly the Court finds Lyman wilful under Rule 37 and that he disobeyed Orders under Rule 41(b).

There is another basis under Rule 41(b) and the District's Local Rules to dismiss this action. According to this District's Local Rules, a plaintiff's "failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Since the issuance of the UPTSO, Lyman has never communicated with this Court. Once the discovery and sanction matters were presented to the Court, Lyman remained *incommunicado* with the Court. Thus, his inaction has exceeded the four-month threshold and clearly evinces a failure to duly prosecute this action. *See id.*; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (finding district court did not abuse its discretion in dismissing case due to party's failure to prosecute action). Lyman has been warned about his obligation to comply with discovery, and the Court also advised him of his obligation to respond to Felter's Motions and the dates those responses were due. The Court concludes that after each notification went unheeded within the last four-month period, Lyman has abandoned his case.

For the reasons stated herein, it is hereby

ORDERED that Felter's Motion, Dkt. No. 45, is **GRANTED**; and it is further

**RECOMMENDED**, that Lyman's Amended Complaint, Dkt. No. 18, be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-

Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Albany, New York
March 26, 2015

_____
Randolph F. Treece
U.S. Magistrate Judge