**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
─────────────────────────────────────────────

**MARK EDWARD LYMAN,**

                                        **Plaintiff,**

    **vs.**                                        **1:12-cv-530**
                                                     **(MAD/DEP)**

**LAURIE FELTER,**

                                        **Defendant.**

─────────────────────────────────────────────

**APPEARANCES:**                          **OF COUNSEL:**

**MARK EDWARD LYMAN**
P.O. Box 3924
Albany, New York 12203
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **JUSTIN L. ENGEL, ESQ.**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

On March 23, 2012, Plaintiff commenced this action *pro se* alleging that Defendants

violated his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e

*et seq.*; and the Civil Rights Act of 1991. *See* Dkt. No. 1. Plaintiff's amended complaint alleges

that Defendant retaliated against him in his employment because of his involvement in an

advocacy organization for childhood victims of sexual abuse. *See* Dkt. No. 6.

The Court issued a Uniform Pretrial Scheduling Order ("UPTSO") that set, *inter alia*, the

discovery deadline on October 31, 2014. *See* Dkt. No. 37. On July 8, 2014, Defendant served

interrogatories and document requests upon Plaintiff. *See* Dkt. No. 45-2 at ¶ 3. Plaintiff's

responses were due by August 11, 2014. Plaintiff sought and obtained two extensions of time to

respond until September 30, 2014. *See id.* at ¶¶ 4-5. Plaintiff, however, failed to provide responses. On November 5, 2014, Defendant filed a motion to compel discovery. *See* Dkt. No. 41 at 1. Thereafter, this Court entered a Text Order directing Plaintiff to respond to Defendant's motion by November 14, 2014. *See* Dkt. No. 42. After Plaintiff again failed to respond, the Court issued an Order permitting Defendant to file a motion to compel discovery and/or seek sanctions. *See* Dkt. No. 44 at 1. The Court directed Plaintiff to provide his responses by December 5, 2014, and ruled that "[a]ny and all objections are deemed waived." *See id.* at 2. Further, the Court forewarned Plaintiff that his failure to comply may result in sanctions pursuant to Rule 37, including the dismissal of his complaint. *See id.* Notwithstanding the Court's order deeming any and all objections waived, Plaintiff served responses with numerous general objections as well as specific objections. In light of Plaintiff's failure to respond entirely to several interrogatories and Plaintiff's "largely non-responsive" information, Defendant sought an order of dismissal of Plaintiff's amended complaint pursuant to Rules 16, 37, and 41(b) of the Federal Rules of Civil Procedure on December 15, 2014. *See* Dkt. No. 45-2 at ¶ 9; Dkt. No. 45-1. A Text Notice was issued advising Plaintiff of the date when his response to the motion was due. After Plaintiff's response deadline expired, the Court *sua sponte* extended his time to reply to Defendant's motion until February 3, 2015. Despite being granted this extension, Plaintiff still failed to respond to Defendant's motion.

In a Report and Recommendation dated March 26, 2015, Magistrate Judge Treece recommended that the Court dismiss this action in light of Plaintiff's failure to prosecute and abide by court orders. *See* Dkt. No. 49. Magistrate Judge Treece addressed the five factors the Court is required to consider in determining whether dismissal under Rules 37 and 41(b) of the Federal Rules of Civil Procedure is appropriate. Specifically, Magistrate Judge Treece found that

"Lyman's inactions are not due to a mere oversight and, thus, his belated and inadequate attempts to provide responses should not garner him a reprieve." *See id.* at 9. Additionally, in considering evidence of Plaintiff's failure to prosecute, Magistrate Judge Treece found that,

> [s]ince the issuance of the UPTSO, Lyman has never communicated with this Court. Once the discovery and sanction matters were presented to the Court, Lyman remained *incommunicado* with the Court. Thus, his inaction has exceeded the four-month threshold and clearly evinces a failure to duly prosecute this action ... Lyman has been warned about his obligation to comply with discovery, and the Court also advised him of his obligation to respond to Felter's Motions and the dates those responses were due. The Court concludes that after each notification went unheeded within the last four-month period, Lyman has abandoned his case.

*See id.* at 10 (internal citation omitted). Having considered the relevant factors, Magistrate Judge Treece concluded that the Court could not "fathom of any lesser sanctions that would be consequential and efficacious than the austerity of a dismissal." *See id.* at 9.

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

Rule 41(b) of the Federal Rules of Civil Procedure provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action with prejudice under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted). This is particularly true where a plaintiff is proceeding *pro se*. *See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's Rule 41(b) dismissal of a *pro se* litigant's complaint "only when the circumstances are sufficiently extreme").

Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

In determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.

*See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

Having reviewed Magistrate Judge Treece's March 26, 2015 Report and Recommendation and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court should dismiss the claims against Defendant in light of Plaintiff's failure to prosecute and obey court orders. Plaintiff has not communicated in any manner whatsoever with this Court since the issuance of the Uniform Pretrial Scheduling Order on February 20, 2014. Plaintiff has repeatedly failed to (1) timely or adequately respond to required discovery demands and interrogatories, (2) comply with the Court's directives, (3) abide by several Court-ordered deadlines, and (4) respond to Defendant's motions. As such, Plaintiff's consistent inactivity in excess of the four-month threshold set forth by this District's Local Rules indicates a failure to prosecute this action. N.D.N.Y.L.R. 41.2 (a). Courts in the Second Circuit have found similar delays to be sufficient to warrant dismissal. *See*, *e.g.*, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (stating that it is possible that a delay of thirty-nine days could be considered significant); *Deptola v. Doe*, No. 04-CV-1379, 2005 WL 2483341, *2 (E.D.N.Y. Oct. 7, 2005) (dismissing case for failure to prosecute three months after the *pro se* plaintiff failed to appear at a scheduling conference); *Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01-CV-3417, 2002 WL 1770813, *2-*4 (S.D.N.Y. July 31, 2002) (dismissing for failure to prosecute almost four months after the plaintiff failed to respond to a court order); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute when the plaintiff "ceased to prosecute . . . action at all" for three months); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311, 2000 WL 1677984, *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal);

*Peters-Turnbull v. Board of Educ. of the City of N.Y.*, No. 96-CV-4914, 1999 WL 959375, *2-3 (S.D.N.Y. Oct. 20, 1999) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss").

Moreover, Plaintiff received adequate notice that his failure to comply with Magistrate Judge Treece's orders could lead to dismissal, and the Court agrees that no sanction short of dismissal is appropriate. In its November 24 Order granting Defendant's motion to compel, this Court specifically warned Plaintiff that failure to comply could result in dismissal of the present action and ruled that, "but for the Second Circuits direction to extend special solicitude to pro se litigants, the Court would have considered dismissing this action." *See* Dkt. No. 44 at 2. Thereafter, the Court afforded Plaintiff two opportunities to respond and be heard. Plaintiff, however, remained unresponsive and failed to file an objection after the issuance of Magistrate Judge Treece's Report and Recommendation. Mindful of the fact that *pro se* cases should not readily be dismissed for procedural deficiencies, the Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies and constitute actual neglect. Plaintiff has failed to prosecute this action diligently and has failed to comply with orders of this Court. As such, the Court finds that each of the factors relevant to the Rule 41(b) analysis favors dismissal; and, therefore, the Court dismisses Plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Treece's March 26, 2015 Report and Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED** without prejudice in light of his failure to prosecute this action and comply with orders of the Court; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 8, 2015
      Albany, New York

```
Mae A. D'Agostino
U.S. District Judge
```